UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA MIAMI DIVISION

CASE NO. 1:26- cv- 27914

ANGELA DIPIETRO,

a citizen and resident of Pennsylvania,

Plaintiff,

vs.

NCL (BAHAMAS) LTD., d/b/a NCL

Defendant.
_______________________________________/

**COMPLAINT**

Plaintiff, ANGELA DIPIETRO, a citizen and resident of Pennsylvania, hereby sues Defendant, NCL (BAHAMAS) LTD., d/b/a NCL, (hereinafter "NORWEGIAN"), and alleges as follows:

**JURISDICTION, VENUE AND PARTIES**

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff, ANGELA DIPIETRO, is a resident and citizen of the state of Pennsylvania, and is otherwise *sui juris*.

3. Defendant, NCL (BAHAMAS) LTD., d/b/a NCL was and is incorporated in the State of Florida and maintains its principal place of business in the State of Florida, Miami-Dade County. Defendant is a citizen of Florida for purposes of determining subject matter jurisdiction over this action.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332,

because this is an action for damages that exceeds this Court's minimum jurisdictional requirements, to wit, $75,000.00, exclusive of all interest and costs; and the parties are completely diverse as the Plaintiff is a resident and citizen of Pennsylvania, while Defendant is a citizen of Florida.

5. This case also has admiralty subject matter jurisdiction pursuant to 28 U.S.C. § 1333 since the accident occurred on a cruise ship in open waters and has the potential to impact maritime commerce.

6. At all material times, Defendant NORWEGIAN has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over Defendant exists in the United States District Court for the Southern District of Florida.

7. Venue in the United States District Court for the Southern District of Florida is appropriate pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and Defendant.

8. At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for fare paying passengers, including the Plaintiff.

9. In the operative ticket contract, the Defendant requires fare-paying passengers such as the Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district, and venue is proper in this Court.

10. Venue is also proper in this district because the Defendant's principal place of business is located within this district.

11. Plaintiff has complied with all conditions precedent to bringing this action, including providing Defendant with timely notice as required by the ticket contract.

## LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS

12. At all material times, Defendant NORWEGIAN, was engaged in the business of operating maritime cruise vessels for fare paying passengers.

13. On September 11, 2025, Plaintiff was a fare-paying passenger aboard the Norwegian Aqua, and in that capacity was lawfully present aboard the vessel.

14. On September 11, 2025, Plaintiff was walking in the exterior pool area of the vessel during inclement weather and wet conditions when she slipped and fell on the wet and slippery API surface, sustaining serious injuries requiring surgical repair.

15. Wet-floor warning signs were present on the nearby wooden-deck area. Plaintiff alleges that those signs did not adequately warn of the wet and slippery surface where she fell.

16. As a direct and proximate result of the slip and fall, Plaintiff ANGELA DIPIETRO was injured in and about her body and extremities, sustained injuries, suffered pain and mental anguish therefrom, incurred past and future medical and related expenses in the treatment of her injuries, sustained disability, physical impairment, suffered shame, humiliation, and the loss of capacity to enjoy life. These damages are permanent or continuing in their nature and the Plaintiff ANGELA DIPIETRO will continue to sustain these damages in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation and cruise.

## COUNT I – NEGLIGENCE - FAILURE TO MAINTAIN

17. Plaintiff adopts, realleges and incorporates by reference all allegations contained in Paragraphs 1 through 16 above, and further alleges the following matters.

18. At all material times, Defendant NORWEGIAN owed Plaintiff, as a fare-paying passenger, a duty to exercise reasonable care under the circumstances, including keeping the walking surfaces in the exterior pool area in a reasonably safe condition so that passengers such

as Plaintiff would not slip and fall.

19. Defendant breached that duty by failing to take reasonable measures to address the wet and slippery condition of the walking surface where Plaintiff fell.

20. Defendant knew or should have known of the hazardous condition given the wet conditions in the pool area, the warning signs on the nearby wooden deck, and the presence of a crew member in the area.

21. Defendant failed to exercise reasonable care to inspect, monitor, dry, or otherwise make the wet and slippery surface reasonably safe for passengers.

22. As a direct and proximate result of Defendant's negligence, Plaintiff slipped and fell and sustained serious injuries requiring surgical repair.

**WHEREFORE,** Plaintiff demands judgment against Defendant NORWEGIAN, for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

**COUNT II - NEGLIGENCE - FAILURE TO WARN**

23. Plaintiff adopts, realleges and incorporates by reference all allegations contained in Paragraphs 1 through 16 above, and further alleges the following matters.

24. At all material times, Defendant NORWEGIAN owed Plaintiff, as a fare-paying passenger, a duty to exercise reasonable care under the circumstances, including warning of dangerous conditions that were not open and obvious and of which Defendant knew or should have known.

25. Defendant knew or should have known of the wet and slippery condition of the API surface given the wet conditions in the pool area and the warning signs placed on the nearby wooden deck.

26. Although warning signs were placed on the wooden-deck area, Defendant failed to provide an adequate warning of the wet and slippery condition of the different surface where Plaintiff fell.

27. The danger presented by the slippery condition at the location where Plaintiff fell was not readily apparent to Plaintiff before she stepped onto that surface.

28. As a direct and proximate result of Defendant's failure to adequately warn, Plaintiff slipped and fell, sustaining serious injuries requiring surgical repair.

**WHEREFORE,** Plaintiff demands judgment against Defendant NORWEGIAN, for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Dated: November 8, 2026

**CHALIK & CHALIK, P.A.**
Attorneys for Plaintiff
10063 N.W. 1st Court
Plantation, Florida 33324
Tel.: (954) 476-1000
Fax: (954) 472-1173
Service: litigation@chaliklaw.com

By: /s/ Debi Chalik
DEBI F. CHALIK
Florida Bar No. 179566
Debi@chaliklaw.com